Sean D. Schwerdtfeger, Esq. (SBN 179521)
Catherine L. Coughlin, Esq. (SBN 295812)
Francisco A. Loayza-Romero, Esq. (SBN 312384)
SCHWERDTFEGER LAW GROUP, APC
501 West Broadway, Suite 2040
San Diego, CA 92101
Telephone: (619) 595-3403
Facsimile: (619) 595-3404

Attorneys for Defendant CTE CAL, INC.

**UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, For the Use and Benefit of:<br><br>McCULLOUGH PLUMBING, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>HALBERT CONSTRUCTION COMPANY, INC. a California corporation; WESTERN SURETY COMPANY, a South Dakota corporation; and DOES 1-100, inclusive,<br><br>Defendants. | **Case No.: 3:17-CV-00803-CAB-WVG**<br><br>**CTE CAL, INC.'S ANSWER TO HALBERT CONSTRUCTION COMPANY, INC.'S FIRST AMENDED COUNTERCLAIM**<br><br>Assigned to:<br>Hon. Cathy Ann Bencivengo, Ctrm. 15B<br>Hon. William V. Gallo, 2nd Floor<br><br>Complaint Filed: April 20, 2017<br>Trial Date: Not Assigned<br><br>**DEMAND FOR JURY TRIAL** |
| AND RELATED CROSS ACTIONS | |

Counter-Defendant CTE CAL, INC. ("CTE Cal") hereby answers and responds to, for itself alone and no other party, the First Amended Counter-Claim

("FACC") of Defendant and Counter-Claimant HALBERT CONSTRUCTION COMPANY, INC. ("Halbert") as follows:

**JURISDICTION AND VENUE**

Answering paragraph 1 of the FACC, CTE Cal admits this Court has supplemental subject matter jurisdiction over the FACC pursuant to 28 U.S.C. § 1367.

Answering paragraph 2 of the FACC, CTE Cal admits venue in this Court is proper pursuant to 28 U.S.C. § 1391.

**GENERAL ALLEGATIONS**

Answering paragraph 3 of the FACC, CTE Cal admits that Halbert is a California corporation. CTE Cal lacks information sufficient to form a belief as to the truth of the remaining allegations made in paragraph 3 of the FACC, and on that basis, CTE Cal denies them.

Answering paragraph 4 of the FACC, CTE Cal lacks information sufficient to form a belief as to truth of the allegations made, and on that basis, CTE Cal denies them.

Answering paragraph 5 of the FACC, CTE Cal lacks information sufficient to form a belief as to truth of the allegations made, and on that basis, CTE Cal denies them.

Answering paragraph 6 of the FACC, CTE Cal lacks information sufficient to form a belief as to truth of the allegations made, and on that basis, CTE Cal denies them.

Answering paragraph 7 of the FACC, CTE Cal admits that it is a California corporation doing business in and having its principal place of business in the County of Sacramento, California.

Paragraph 8 of the FACC contains solely legal statements, conclusions and allegations that refer to defendants ROES 1 through 100. As such, CTE Cal lacks

information sufficient to form a belief as to allegations set forth in paragraph 8 of the FACC, and on that basis, CTE Cal denies them.

Answering paragraph 9 of the FACC, CTE Cal denies that it acted as an agent, principal, representative, alter ego and/or employee of McCullough Plumbing Inc. ("McCullough"), The Guarantee Company, ROES 1-100, or any of them, or acted in the scope of any such agency, representation, and/or employment of McCullough, The Guarantee Company and ROES 1-100. As to the remaining allegations set forth in paragraph 9 of the FACC, CTE Cal lacks information sufficient to form a belief as to allegations concerning the existence of any relationship among McCullough, The Guarantee Company and ROES 1-100, and on that basis, CTE Cal denies them.

**DINING FACILITY AND**

**ADMINISTRATION BUILDING PROJECT BACKGROUND**

Answering paragraph 10 of the FACC, CTE Cal admits Halbert was hired by the Army Corps of Engineers to act as its general contractor for the construction of a dining facility and administration building at the Presidio of Monterey, Monterey, California ("the Project").

Answering paragraph 11 of the FACC, CTE Cal lacks information sufficient to form a belief as to truth of the allegations made, and on that basis, CTE Cal denies them.

Answering paragraph 12 of the FACC, CTE Cal lacks information sufficient to form a belief as to truth of the allegations made, and on that basis, CTE Cal denies them.

Answering paragraph 13 of the FACC, CTE Cal lacks information sufficient to form a belief as to truth of the allegations made, and on that basis, CTE Cal denies them.

///

///

Answering paragraph 14 of the FACC, CTE Cal lacks information sufficient to form a belief as to truth of the allegations made, and on that basis, CTE Cal denies them.

Answering paragraph 15 of the FACC, CTE Cal lacks information sufficient to form a belief as to truth of the allegations made, and on that basis, CTE Cal denies them.

Answering paragraph 16 of the FACC, CTE Cal lacks information sufficient to form a belief as to truth of the allegations made, and on that basis, CTE Cal denies them.

Answering paragraph 17 of the FACC, CTE Cal lacks information sufficient to form a belief as to truth of the allegations made, and on that basis, CTE Cal denies them.

Answering paragraph 18 of the FACC, CTE Cal lacks information sufficient to form a belief as to truth of the allegations made, and on that basis, CTE Cal denies them.

Answering paragraph 19 of the FACC, CTE Cal lacks information sufficient to form a belief as to truth of the allegations made, and on that basis, CTE Cal denies them.

## PROJECT INSPECTION BACKGROUND

Answering paragraph 20 of the FACC, CTE Cal admits that CTE Cal was invited to submit a bid on the Project to provide Halbert with materials testing and special inspection services for the Project, as memorialized in the Cost Proposal sent by CTE to Halbert on November 11, 2013 and attached to the FACC as Exhibit 3.

Answering paragraph 21 of the FACC, CTE Cal admits the Cost Proposal contained statements outlining specific services to be performed by CTE Cal for Halbert, including "Materials Testing, Special Inspection and Engineering Support Services …."

Answering paragraph 22 of the FACC, CTE Cal admits the Cost Proposal provided that CTE Cal's "[t]esting and [i]nspection procedures are supervised by a staff of experienced professionals …." And further provided that "based on [CTE Cal's] qualifications and strong commitment to [Halbert's] quality control/engineering needs, CTE Cal, Inc. will provide our services for Halbert Construction Co[.] in a cost effective manner."

Answering paragraph 23 of the FACC, CTE Cal admits Halbert sent to CTE Cal a Letter of Intent to Award Subcontract ("Letter of Intent"), dated November 26, 2013, a true and correct copy of which is attached to the FACC as Exhibit 4.

Answering paragraph 24 of the FACC, CTE Cal admits the Letter of Intent stated it was the intent of Halbert "to incorporate the services of [CTE Cal] based on [CTE Cal's] proposal Dated 11-11-13, the bidding documents dated 4-30-13 and our discussions regarding the above referenced project for the negotiated price of T&M for the following: Testing and Inspection." CTE Cal further admits the Letter of Intent also set forth directions for CTE Cal to obtain copies of the Project's plans and take other necessary steps prior to commencing work on the Project.

Answering paragraph 25 of the FACC, CTE Cal admits that it entered an agreement with Halbert on November 26, 2013 to provide on call materials testing, special inspection, and engineering support services for the Project on a time and materials basis ("CTE Cal Subcontract"). CTE Cal further admits that the Cost Proposal offered to provide qualified inspectors in connection with CTE Cal's scope of work on the Project. CTE Cal denies that the Cost Proposal made any representation or promise as to the timing and scheduling of testing and inspections or otherwise offered to make inspections on a "routine" basis.

Answering paragraph 26 of the FACC, CTE Cal admits that CTE Cal observed and promptly notified Halbert of deficiencies in the plumbing work performed by McCullough. CTE Cal further admits that McCullough performed

work that failed to adhere to the Project plans and specifications. CTE Cal denies that it breached any contractual obligation to inspect McCullough's work on the Project.

**FIRST CLAIM FOR RELIEF**

**(Breach of Contract as to McCullough)**

Answering paragraph 27 of the FACC, CTE Cal repeats and incorporates by reference its responses to paragraphs 1 through 26 above.

Answering paragraph 28 of the FACC, CTE Cal lacks information sufficient to form a belief as to truth of the allegations made, and on that basis, CTE Cal denies them.

Answering paragraph 29 of the FACC, CTE Cal lacks information sufficient to form a belief as to truth of the allegations made, and on that basis, CTE Cal denies them.

Answering paragraph 30 of the FACC, CTE Cal lacks information sufficient to form a belief as to truth of the allegations made, and on that basis, CTE Cal denies them.

Answering paragraph 31 of the FACC, CTE Cal lacks information sufficient to form a belief as to truth of the allegations made, and on that basis, CTE Cal denies them.

Answering paragraph 32 of the FACC, CTE Cal lacks information sufficient to form a belief as to truth of the allegations made, and on that basis, CTE Cal denies them.

Paragraph 33 of the FACC refers to matters of law and contains legal conclusions as to defendant McCullough that do not require an answer by CTE Cal, however, should an answer be deemed necessary, CTE Cal denies the allegations contained in paragraph 33 of the FACC.

///

///

**SECOND CLAIM FOR RELIEF**

**(Breach of Express Warranty as to McCullough)**

Answering paragraph 34 of the FACC, CTE Cal repeats and incorporates by reference its responses to paragraphs 1 through 33 above.

Answering paragraph 35 of the FACC, CTE Cal lacks information sufficient to form a belief as to the truth of the allegations made, and on that basis, CTE Cal denies them.

Answering paragraph 36 of the FACC, CTE Cal lacks information sufficient to form a belief as to the truth of the allegations made, and on that basis, CTE Cal denies them.

Paragraph 37 of the FACC refers to matters of law and contains legal conclusions as to defendant McCullough that do not require an answer by CTE Cal, however, should an answer be deemed necessary, CTE Cal denies the allegations contained in paragraph 37 of the FACC.

**THIRD CLAIM FOR RELIEF**

**(Enforcement of Performance Bond Against The Guarantee Company)**

Answering paragraph 38 of the FACC, CTE Cal repeats and incorporates by reference paragraphs 1 through 37 above

Answering paragraph 39 of the FACC, CTE Cal lacks information sufficient to form a belief as to the truth of the allegations made, and on that basis, CTE Cal denies them.

Answering paragraph 40 of the FACC, CTE Cal lacks information sufficient to form a belief as to the truth of the allegations made, and on that basis, CTE Cal denies them.

Answering paragraph 41 of the FACC, CTE Cal lacks information sufficient to form a belief as to the truth of the allegations made, and on that basis, CTE Cal denies them.

///

Paragraph 42 of the FACC refers to matters of law and contains legal conclusions as to defendant The Guarantee Company that do not require an answer from CTE Cal, however, should an answer be deemed necessary, CTE Cal denies the allegations contained in paragraph 42 of the FACC.

## FOURTH CLAIM FOR RELIEF

**(Breach of Contract as to CTE)**

Answering paragraph 43 of the FACC, CTE Cal repeats and incorporates by reference paragraphs 1 through 42 above.

Answering paragraph 44 of the FACC, CTE Cal admits that the Subcontract required CTE Cal to provide Materials Testing, Special Inspection and Engineering Support Services during construction of the subject project.

CTE Cal denies the allegations made in paragraph 45 of the FACC.

CTE Cal denies the allegations made in paragraph 46 of the FACC.

CTE Cal denies the allegations made in paragraph 47 of the FACC.

## PRAYER FOR RELIEF

The Prayer for Relief in the FACC does not require an answer, however, should an answer be deemed necessary, CTE Cal denies that Defendant and Counter-Claimant Halbert is entitled to the relief requested in the Prayer for Relief contained in the FACC.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

The claimed injury or damages alleged in the FACC, the existence of which CTE Cal denies, are barred by virtue of the FACC's failure to state facts sufficient to support a cause of action or claim for relief.

///

///

///

**SECOND AFFIRMATIVE DEFENSE**

**(Contribution)**

CTE Cal is informed, believes and thereon alleges that the incidents described in FACC and any damages allegedly sustained by Halbert were wholly or partially contributed to and proximately caused by Halbert's own acts, omissions and activities, including without limitation improper construction sequencing, resulting in carelessness, recklessness, and/or negligence by Halbert, thereby completely or partially barring recovery herein.

**THIRD AFFIRMATIVE DEFENSE**

**(Comparative Negligence)**

The claimed injury or damages alleged in the FACC, the existence of which CTE Cal denies, were proximately caused by the independent conduct of Halbert and its subcontractors, including the improper sequencing of construction on the Project, over which CTE Cal had no control. Halbert's recovery against CTE Cal, if any, must therefore be reduced to the extent that Halbert's damages, if any, were caused by the independent conduct of Halbert.

**FOURTH AFFIRMATIVE DEFENSE**

**(Counter-Claimant's Sole Negligence)**

The claimed injury or damages alleged in the FACC, the existence of which CTE Cal denies, was proximately and directly caused by Halbert's own negligence in that Halbert failed to use ordinary care in its project sequencing, construction, development, control, maintenance, alteration, or repair of the Project.

**FIFTH AFFIRMATIVE DEFENSE**

**(No Breach of Subcontract)**

CTE Cal denies that it breached any agreement with Halbert, giving rise to the damages alleged in FACC, and further alleges that any damages incurred by Halbert as alleged are solely and totally due to the acts or omissions of Halbert, or others, for which CTE Cal has no responsibility or liability.

**SIXTH AFFIRMATIVE DEFENSE**

**(No Causation)**

The claimed injury or damages alleged in the FACC, the existence of which CTE Cal denies, are barred by virtue of a lack of causation in that no act or omission of CTE Cal was the cause in fact or the proximate cause of the injuries and damages, if any, sustained by Halbert.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Damage to Work of Another)**

The claimed injury or damages alleged in the FACC, the existence of which CTE Cal denies, are barred by virtue of Halbert's own conduct, including improper construction sequencing, causing damage to the work of third party subcontractors beyond CTE Cal's control in connection with the subject Project.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Counter-Claimant's Acknowledgment of Fault)**

The claimed injury or damages alleged in the FACC, the existence of which CTE Cal denies, are barred by virtue of Halbert's own acknowledgement of fault in connection with the remedial work performed by third party subcontractors during construction of the Project.

**NINTH AFFIRMATIVE DEFENSE**

**(Impossibility of Performance)**

Without admitting the allegations of the FACC, if it is determined that CTE Cal failed to perform one or more obligations under any agreement, performance of each obligation was excused due to impossibility or impracticability in each instance.

///

///

///

///

**TENTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

CTE Cal is informed, believes and thereon alleges, that Halbert failed to mitigate its damages. Said failure to mitigate damages directly and proximately caused Halbert's claimed injuries or damages as alleged in the FACC.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Failure of Condition Precedent)**

CTE Cal is informed, believes and thereon alleges that as to the Subcontract alleged, CTE Cal's performance is excused, to the extent any existed, due to the failure of Halbert and other third party subcontractors, including Halbert's retained Quality Control manager, to satisfy a condition precedent to CTE Cal's performance of its scope of work under the Subcontract.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Failure of Performance)**

CTE Cal is informed, believes and thereon alleges that Halbert failed to perform all conditions, covenants and promises, and/or, alternatively, actively breached those conditions, covenants and promises, including without limitation payment for performance of services, required to be performed in accordance with the terms and conditions of the Subcontract which is the subject of the FACC.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Excuse)**

CTE Cal is informed, believes and thereon alleges, that if CTE Cal is found to have failed to perform any covenant or condition pursuant to the Subcontract, without admitting same, such failure was caused by Halbert and/or parties other than CTE Cal, who through their acts and omissions or those of their agents, prevented CTE Cal's performance and excused any and all future performance.

///

///

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Assumption of Risk)**

The claimed injury or damages alleged in the FACC, the existence of which CTE Cal denies, are barred by reason of Halbert's express, voluntary, and knowing assumption of all risks complained of in the FACC.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Standard of Care)**

The claimed injury or damages alleged in the FACC, the existence of which CTE Cal denies, are barred by reason of CTE Cal's compliance with the applicable standard of care required of it at all times it performed professional services on the Project.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Acts Outside Power, Authority or Control)**

CTE Cal alleges that any injury, damage or loss, if any, sustained by Halbert arose as a result of the acts and omissions of Halbert and other third party subcontractors and quality control mangers, over whom CTE Cal had no power, authority or control.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Active and Passive Conduct)**

Without admitting the allegations of the FACC, if it is determined that CTE Cal negligently breached any agreement, said negligence was secondary and passive, as contrasted with the active and primary negligence of other parties to this lawsuit, and therefore Halbert is not entitled to recovery from CTE Cal on any theory of indemnity as a matter of law.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Intervening/Superseding Cause)**

CTE Cal is informed and believes and thereon alleges that the injuries and damages of which Halbert complains were proximately caused or contributed to by

the acts or omissions of other parties, persons, or entities, including and especially Halbert, and that said acts or omissions were an intervening or superseding cause of the alleged injuries and damages of which Halbert complains, thus barring Halbert from any recovery against CTE Cal.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Negligence of Others)**

The claimed injury or damages alleged in the FACC, the existence of which CTE Cal denies, were proximately caused by the independent conduct of third parties or entities over which CTE Cal had no control. Halbert's recovery against CTE Cal, if any, must therefore be reduced to the extent that Halbert's damages, if any, were caused by the independent conduct of such third parties.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Doctrine of Laches)**

The claimed injury or damages alleged in the FACC, the existence of which CTE Cal denies, are barred by reason of the unreasonable delay in Halbert's filing of the FACC, to the substantial prejudice of CTE Cal.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(Doctrine of Estoppel)**

The claimed injury or damages alleged in the FACC, the existence of which CTE Cal denies, are barred by reason of acts, omissions, representations, and courses of conduct by Halbert upon which CTE Cal was led to rely to its detriment, thereby precluding any causes of action asserted by Halbert pursuant to the Doctrine of Equitable Estoppel.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

The claimed injury or damages alleged in the FACC, the existence of which CTE Cal denies, are barred by reason of Halbert's unlawful, immoral, careless,

negligent, and other wrongful conduct pursuant to the equitable doctrines of "unclean hands" and of *in pari delicto*.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(Doctrine of Waiver)**

The claimed injury or damages in the FACC, the existence of which CTE Cal denies, are barred by reason of Halbert's acts, omissions, representations, and courses of conduct sufficient to constitute a waiver of all alleged breaches of duty, negligence, acts, omissions, or other acts by CTE Cal.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**(Compliance with Custom and Practice)**

CTE Cal's conduct relative to the matters alleged in this lawsuit was reasonable and all work performed by CTE Cal in connection with the subject Project met the standards, customs, and practices of the parties to this lawsuit.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

**(Misuse and Improper Repair)**

CTE Cal is informed and believes and thereon alleges that persons or entities other than CTE Cal misused and failed to properly repair portions of the subject Project, thereby causing or contributing to the damages, if any, alleged in the FACC.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

**(Contractual Limitation of Liability)**

The claimed injury or damages in the FACC, the existence of which CTE Cal denies, are limited or barred contractually by reason of the express limitation of CTE Cal's liability as set forth in the Subcontract.

///

///

///

///

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

**(Disclaimer of Implied Warranty)**

The claimed injury or damages in the FACC, the existence of which CTE Cal denies, are barred by virtue of the express disclaimer of implied warranty set forth in the Subcontract.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

**(Reservation)**

For a further, separate, and distinct defense, CTE Cal intends to rely upon such evidence as it may become available hereafter or becomes apparent during discovery proceedings in this case. Therefore, CTE Cal hereby expressly reserves its right to timely amend this Answer to assert any such additional defenses should it be necessary.

WHEREFORE, CTE Cal prays for relief as follows:

1. That Halbert take nothing by way of its FACC, and that the same be dismissed with prejudice as against CTE Cal;

2. In the event Halbert recovers judgment against CTE Cal, any liability or damages required to be paid by CTE Cal be limited to the percentage of fault actually attributed to CTE Cal;

3. For costs of suit incurred herein; and

4. For such other further relief as this Court deems just and proper.

**JURY DEMAND**

Counter-Defendant CTE Cal respectfully demands a jury trial on all triable issues.

Dated: February 22, 2018

Respectfully Submitted,

By: /s/ Sean D. Schwerdtfeger
Sean D. Schwerdtfeger, Esq.
Catherine L. Coughlin, Esq.
Francisco A. Loayza-Romero, Esq.
Attorneys for Counter-Defendant
CTE CAL, INC.

CERTIFICATE OF SERVICE

The undersigned hereby certifies that this document has been filed electronically on this 22nd day of February 2018 and is available for viewing and downloading to the ECF registered counsel of record:

Via Electronic Service/ECF:

| Kevin T. Cauley<br>SCHWARZT SEMERDJIAN CAULEY & MOOT, LLP<br>101 West Broadway, Suite 810<br>San Diego, CA 92101<br>Tel: (619) 236-8827<br>Fax: (619) 236-8827<br>Email: Kevin@sscmlegal.com<br>***Attorneys for Plaintiff/Counter Defendant UNITED STATES OF AMERICA for the Use and Benefit of McCULLOUGH PLUMBING, INC., and Third Party Defendant THE GUARANTEE COMPANY OF NORTH AMERICA USA*** | Jason R. Thornton<br>MARKS FINCH THORNTON & BAIRD, LLP<br>4747 Executive Drive, Suite 700<br>San Diego, CA 92121-3107<br>Tel: (858) 737-3101<br>Fax: (858) 737-3101<br>Email: jthornton@ftblaw.com<br>***Attorneys for Defendant/Counter Claimant/Third Party Defendant HALBERT CONSTRUCTION COMPANY, INC., and Defendant WESTERN SURETY COMPANY*** |
|---|---|

Dated: February 22, 2018

Respectfully Submitted,

By: s/Sean D. Schwerdtfeger
Sean D. Schwerdtfeger, Esq.
Catherine L. Coughlin, Esq.
Francisco A. Loayza-Romero, Esq.
Attorneys for Counter-Defendant
CTE CAL, INC.