UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA *for the Use and Benefit of*: MCCULLOUGH PLUMBING, INC.,<br><br>                                    Plaintiff,<br><br>v.<br><br>HALBERT CONSTRUCTION COMPANY, INC., et al,<br><br>                                    Defendants. | Case No.:  17-CV-803-CAB-WVG<br><br>**ORDER DENYING JOINT STIPULATION REGARDING CONTINUANCE OF EXPERT DISCLOSURES AND DISCOVERY DEADLINES [ECF NO. 63]** |
| AND RELATED CROSS-CLAIM, COUNTERCLAIMS, AND THIRD-PARTY COMPLAINTS. | |

        Presently before the Court is the parties' Joint Stipulation which requests the Court again modify the scheduling order.[1] (ECF No. 63.) The parties request the Court continue the date by which fact discovery must be completed, the designation and reporting of expert

_____

[1] On August 24, 2018, the Court granted the parties' first joint motion to continue fact and expert discovery deadlines. (*See* ECF No. 49.)

witnesses, the mandatory settlement conference, as well as the pretrial motions deadline. (*Id.* at 19-28.) The parties specifically note that this request "moves the deadline for pre-trial motions in order to correspond with other discovery deadlines, which was inadvertently missed in the first request." (*Id.* at 10-12.) This statement is disingenuous at best and misleading at worst.

On August 20, 2018, the parties filed their first joint motion to continue various fact and expert discovery deadlines. (ECF No. 46.) After reviewing the motion, the Court noted that the parties' proposed discovery deadlines were after dispositive pretrial motions were due to be filed. On August 22, 2018, the research attorney for the undersigned emailed the parties, alerting them to the potentially problematic request. The research attorney asked the parties if they preferred to have "any extended discovery dates be set to end prior to the dispositive motion deadline" or, in the alternative, "to continue the dispositive motion deadline." On August 23, 2018, Patrick McManus, attorney of record for Halbert Construction Co., Inc., replied that "[a]ll parties are fine with Judge Gallo signing the motion [sic] as is," which indicated the parties did not wish to continue the date by which dispositive motions must be filed. While the deadline to file pretrial motions may have been technically "inadvertently missed in the first request," the parties were given an opportunity to have that date continued in order to correspond with other discovery deadlines and declined to do so.

The Court concludes by noting the present Joint Stipulation is completely devoid of any cause, let alone good cause, to justify continuing any portion of the scheduling order. For this reason, the Court **DENIES** the request. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

**IT IS SO ORDERED**.

Dated: November 9, 2018

Hon. William V. Gallo
United States Magistrate Judge