JASON R. THORNTON, SBN 185637
EMAIL: jthornton@ftblaw.com
**FINCH, THORNTON & BAIRD, LLP**
ATTORNEYS AT LAW
4747 EXECUTIVE DRIVE – SUITE 700
SAN DIEGO, CALIFORNIA 92121-3107
TELEPHONE: (858) 737-3100
FACSIMILE: (858) 737-3101

Attorneys for Defendant, Counterclaimant, and Cross-Defendant
Halbert Construction Company, Inc. and
Defendant Western Surety Company

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, for the Use and Benefits of:<br><br>McCULLOUGH PLUMBING, INC., a California corporation<br><br>Plaintiff,<br><br>v.<br><br>HALBERT CONSTRUCTION COMPANY, INC., a California corporation; WESTERN SURETY COMPANY, a South Dakota corporation; and DOES 1-100, inclusive,<br><br>Defendants.<br><br>AND RELATED CROSS-ACTION. | CASE NO: 3:17-cv-00803-CAB-WVG<br><br>HALBERT CONSTRUCTION COMPANY, INC.'S MEMORANDUM IN SUPPORT OF MOTION FOR JUDGMENT AS A MATTER OF LAW ON MCCULLOUGH PLUMBING, INC.'S DELAY CLAIM<br><br>Assigned to:<br>Hon. Cathy Ann Bencivengo, Courtroom 4C<br>Hon. William V. Gallo, Second Floor<br><br>Date:      July 8-18, 2019<br>Time:     8:45 a.m.<br>Courtroom: 4C<br><br>Complaint Filed: April 20, 2017<br>Trial Date:         July 8, 2019 |

I

INTRODUCTION

McCullough Plumbing, Inc. ("McCullough") asserted a claim against Halbert Construction Company, Inc. ("Halbert") for alleged delay damages. However, McCullough did not provide any expert testimony on the <u>cause</u> of the alleged delay. Without an expert to opine on the cause of delay, as a matter of law, McCullough failed to meet its burden and prove it is entitled to recover delay damages. Additionally, the undisputed evidence shows McCullough failed

to follow the mandatory contractual claim notice procedures — a prerequisite to claim delay.  Therefore, pursuant to Rule 50, Halbert requests the Court for a judgment as a matter of law on McCullough's claim for delay damages.

In the event the Court allows the jury to consider McCullough's delay claim, the Court should disallow any claim or damages in excess of $58,880.00.  Assuming McCullough could rely upon Halbert's expert's schedule analysis at trial, Halbert's expert testified McCullough had been delayed in limited circumstances and the delays did not cause more than $58,880.00 in possible damages.  There was no other expert testimony proffered relating to McCullough's delay damages, and thus, there cannot be an award in excess of $58,880.00 on McCullough's claim.

## II

## AUTHORITY FOR MOTION FOR JUDGMENT AS A MATTER OF LAW

Federal Rule of Civil Procedure 50(a) allows a party to move for judgment as a matter of law after the opposing party has been fully heard and prior to submission of the case to the jury.  Fed.R.Civ.P. 50(a).  A party may move for judgment as a matter of law under Rule 50(a)(1) on the entire case, or on particular claims or issues, or as to a specific opposing party.  See *Golden v. Winjohn Taxi Corp.* 311 F.3d 513, 516 (2nd Cir. 2002) [motion granted on liability issue].  In ruling on a motion for judgment as a matter of law, the court is to inquire whether there is any legally sufficient evidentiary basis for a reasonable jury to find for the party opposing the motion.  *Weisgram v. Marley Co.* 528 U.S. 440, 454 (2000).  When an expert opinion is not supported by sufficient facts to validate it in the eyes of the law, or when indisputable record facts contradict or otherwise render the opinion unreasonable, it cannot support a jury's verdict.  *Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993).

/ / / / /

# III
# HALBERT IS ENTITLED TO JUDGMENT AS A MATTER OF LAW AS TO MCCULLOUGH'S DELAY CLAIM AS MCCULLOUGH DID NOT PROVIDE EVIDENTIARY BASIS FOR ITS CLAIM

A. Expert Testimony is Required to Establish Causation for a Delay Claim

Construction scheduling and delay analysis is a heavily technical discipline requiring specialized knowledge of schedule techniques and the construction industry. Construction projects are complex with multiple parties working at the same time in limited spaces. Delays to one party's work may not have a true impact or delay to another party's work. For example, a delay to structural steel inside a building may not necessarily impact or delay landscape work outside of a building. As such, a qualified expert's testimony is essential to establish the necessary element of causation for a construction delay claim.[1] See *PCL Construction Services, Inc. v. U.S.*, 47 Fed. Cl. 745, 801 (2000); see also *JMR Construction Corp. v. Environmental Assessment & Remediation Management, Inc.*, 243 Cal. App. 4th 571, 590 (Cal. Ct. App. 2015); see also *Huber, Hunt & Nichols, Inc. v. Moore*, 67 Cal. App. 3d 278, 297-98 (Cal. Ct. App. 1977).

This requirement of reliable expert evidence as to causes and effects of the construction delays has also been recognized by multiple administrative tribunals specializing in construction delay claims. See, e.g., *In re Hensel Phelps Construction Co.*, 1999 WL 669351, 99-2 B.C.A. (CCH) ¶ 30,351, ASBCA No. 49,270 (Aug. 20, 1999) (No. N62470-87-7071, adhered to on reconsideration by *In re Hensel Phelps Construction Co.*, 2000 WL 48498 (ASBCA), ASBCA No.

---

[1] Federal Rule of Evidence 702(A)-(B) allows a witness to testify as an expert if, among other things, the subject of his or her testimony "relates to matters beyond the knowledge or experience possessed by lay persons or dispels a misconception common among lay persons … [and] [t]he witness is qualified as an expert by specialized knowledge, skill, experience, training, or education regarding the subject matter of the testimony…."

49,270 (ASBCA Jan. 19, 2000) (No. N62470-87-C-7071); see also *Appeal of Santa Fe Engineers, Inc.*, ASBCA Nos. 24578, 25838, 28687; 1994 ASBCA LEXIS 102, 94-2 B.C.A. (CCH) ¶ 26,872.

Therefore, to recover compensation for its alleged delay claim, McCullough has the burden and must establish, through reliable expert testimony, that its claimed delay against Halbert was proximately caused by Halbert's actions. Absent such expert testimony, McCullough is legally precluded from recovering delay damages.

### B. McCullough Failed to Present Sufficient Evidence of Causation for Its Delay Claim

McCullough did not provide any expert testimony as to the causation of its alleged delays. Instead, McCullough's own expert, Mr. Bumgardner, testified he had not analyzed the actual causes for the claimed delay. Although Mr. Bumgardner prepared an expert report which analyzed Halbert's delay claim against McCullough, the report did not provide any opinion relating to McCullough's delay claim against Halbert. At trial, Mr. Bumgardner did <u>not</u> provide an expert opinion as to McCullough's delay claim, let alone expert testimony as to the causes of McCullough's alleged delays. Thus, it is undisputed McCullough failed to provide any expert testimony as to the causation of McCullough's delay claim. Accordingly, judgment should be entered in Halbert's favor.

McCullough ignores the requirement for expert testimony to prove causation of its claimed delays because McCullough cannot meet its burden. Instead, McCullough relies upon a misleading view of delay and argues its claim is based on the alleged months between the original Subcontract schedule and the actual time spent on the Project. Ex 40. However, such an analysis is not supported by the Subcontract or expert findings.

/ / / / /

Section 2.3 of the Subcontract clearly states Halbert, not McCullough controls the schedule for the Project. Ex. 20. Specifically, the Subcontract states:

> The float on the project schedules belongs to Contractor for use in scheduling the work. Contractor retains the right to modify, suspend, delay, or accelerate, in whole or in part, said schedule(s), change work sequences and priorities, and to otherwise schedule the work so as to achieve timely project completion. So long as such modifications, changes in sequence, etc., are not arbitrary and capricious, Subcontractor agrees to adapt its efforts to meet Contractor's schedule(s).

Thus, the fact McCullough may have been on the Project longer is immaterial. Instead, under the Subcontract, McCullough would have to establish schedule modifications were "arbitrary and capricious," essentially a breach of the Subcontract, which <u>caused</u> McCullough's work to be delayed. McCullough provided no expert evidence of any changes to the Project which caused the Project schedule to be delayed, changed, or re-sequenced, let alone conduct by Halbert which caused the Project to be delayed. McCullough did not analyze its own performance on the Project and the corresponding impact on McCullough's time on the Project. While it may be true McCullough was on the Project longer than the original schedule, the cause of the extended time could be a myriad of reasons. Without expert testimony to assist the jury as to what caused the extended time and which party was responsible for that cause, McCullough failed to meet its burden and its delay clam cannot be supported. Judgment as a matter of law should be entered in Halbert's favor. *PCL Construction Services, Inc. v. U.S.*, 47 Fed. Cl. 745, 801 (2000).

Unlike McCullough, Halbert provided the jury with expert testimony to support Halbert's claims. Assuming McCullough could meet its burden of proof by relying on Halbert's expert, McCullough's delay claim must be limited then to the evidence and testimony offered by Halbert's expert, Mr. Denny Lee. From Mr. Lee's analysis and testimony, McCullough incurred limited delays and did

not suffer more than $58,880.00 in possible costs. Thus, there could be no legally sufficient evidentiary basis for a reasonable jury to find McCullough's delay claim to exceed $58,880.00. As such, assuming the Court allows the jury to consider McCullough's delay claim, Halbert requests the Court instruct the jury it cannot award McCullough any amount in excess of $58,880.00 for McCullough's delay claim.

### C. McCullough's Delay Claim Also Fails Because McCullough did not Follow the Subcontract Notice Requirements

Not only did McCullough fail to provide expert evidence to support its delay claim, McCullough did not provide evidence it followed the required procedures under the Subcontract for its claim. The failure of a subcontractor to follow mandatory contractual claim procedures renders a claim under the contract fatally flawed. See Civ. Code, § 1511(1); *Greg Opinski Constr., Inc. v. City of Oakdale*, 132 Cal. Rptr. 3d 170, 174 (Cal. App. 5th Dist. 2011), see also *Fid. and Deposit Co. of Maryland v. Travelers Cas. and Sur. Co. of Am.*, 213CV00380JADGWF, 2018 WL 4550397, at *8–9 (D. Nev. Sept. 21, 2018).

In *Opinski*, the court held a contractor was not entitled to a time extension even though the owner may have caused the delay because the contractor failed to "follow[] the required procedures for notifying the owner of its intent to claim a right to an extension." *Opinski*. at p. 1118. It further concluded that "it ma[de] no difference whether [the contractor's] timely performance was possible or impossible under the[] circumstances." *Ibid*. The first deciding factor in determining whether the contractor was entitled to a time extension was whether it followed the required procedures under the contract. *Ibid*.

/ / / / /

/ / / / /

/ / / / /

/ / / / /

FINCH, THORNTON &
BAIRD, LLP
4747 Executive
Drive - Suite 700
San Diego, CA 92121
(858) 737-3100

6

3:17-cv-00803-CAB-WVG

In relevant part, section 2.2.2 of the Subcontract, required McCullough to provide Halbert with written notice "within 48 hours of the commencement" of delay on the Project. Ex. 20-010,011. The notice provisions in the Subcontract exist to allow Halbert the opportunity to provide a companion notice to the Owner. Without such notice, Halbert is limited and prejudiced on its possible recovery (if any) from the Owner for such issues.

Despite the requirement, McCullough provided no evidence or testimony showing it complied with section 2.2.2 of the Subcontract or evidence that Halbert waived the requirement. Instead, the evidence offered proved McCullough did not provide notice of any delay claim to Halbert until <u>months</u> after the commencement of the alleged delay. Ex. 41. Thus, there is no legally sufficient evidentiary basis for a reasonable jury to find McCullough complied with the contractual notice provisions for the delay claim it seeks. As *Opinski* bars any claim for damages if the subcontractor fails to follow mandatory contractual notice procedures, McCullough's delay claim is barred on this reason alone. *Opinski, supra*, 199 Cal.App.4th 1107 at p. 1118.

## IV

## CONCLUSION

For the reasons discussed above, judgment as a matter of law should be entered against McCullough's delay claim. Despite opportunity, it is undisputed McCullough did not provide any expert testimony on the causation for its alleged delay claim against Halbert. It is further undisputed McCullough failed to follow the contractually required notice provisions of the Subcontract relating to Project delays.

/ / / / /

/ / / / /

/ / / / /

/ / / / /

1  As such, Halbert respectfully requests the Court enter judgment as a matter of law on this issue in its favor, and against McCullough. If the Court permits the jury to decide the issue, Halbert respectfully requests the Court instruct the jury that its award (if any) on McCullough's delay claim <u>cannot</u> exceed $58,880.00.

DATE: July 17, 2019

Respectfully submitted,

FINCH, THORNTON & BAIRD, LLP

By: */s/ Jason R. Thornton*
JASON R. THORNTON
Attorneys for Defendant, Counterclaimant, and Cross-Defendant Halbert Construction Company, Inc. and Defendant Western Surety Company
Email:   jthornton@ftblaw.com

2146.006/3F6542402.ceh

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that this document has been filed electronically on this 17th day of July 2019 and is available for viewing and downloading to the ECF registered counsel of record:

<u>Via Electronic Service:</u>

| | |
|---|---|
| Kevin T. Cauley, Esq.<br>Kristen M. Bush, Esq.<br>Alison K. Adelman, Esq.<br>Schwartz Semerdjian Cauley & Moot LLP<br>101 West Broadway, Suite 810<br>San Diego, California 92101<br>Telephone: (619) 236-8821<br>Facsimile: (619) 236-8827<br>Email(s): kevin@sscmlegal.com<br>kristenb@sscmlegal.com<br>alisona@sscmlegal.com | ATTORNEYS FOR PLAINTIFF AND COUNTER-DEFENDANT MCCULLOUGH PLUMBING, INC. |
| Charles A Alfonzo Esq.<br>Gregory D. Brown, Esq.<br>Richard J. Finn, Esq.<br>Burnham Brown<br>1901 Harrison Street, 14th Floor<br>Oakland, California 94612<br>Telephone: (510) 835-6825<br>Facsimile: (510) 835-6666<br>Email: calfonzo@burnhambrown.com<br>gbrown@burnhambrown.com<br>rfinn@burnhambrown.com | ATTORNEYS FOR DEFENDANT, COUNTERCLAIMANT AND CROSS-DEFENDANT HALBERT CONSTRUCTION COMPANY, INC. |

/ / / / /

/ / / / /

/ / / / /

/ / / / /

/ / / / /

/ / / / /

/ / / / /

/ / / / /

/ / / / /

/ / / / /

/ / / / /

Sean D. Schwerdtfeger, Esq.
Schwerdtfeger Law Group
501 West Broadway, Suite 1700
San Diego, California 92101
Telephone: (619) 595-3403
Facsimile: (619) 595-3404
Email: sds@sdsattorneys.com
slr@sdsattorneys.com
clc@sdsattorneys.com

ATTORNEYS FOR CROSS-CLAIMANT AND CROSS-DEFENDANT CTE CAL, INC.

DATE: July 17, 2019

Respectfully submitted,

FINCH, THORNTON & BAIRD, LLP


By: */s/ Jason R. Thornton*
JASON R. THORNTON
Attorneys for Defendant, Counterclaimant, and Cross-Defendant Halbert Construction Company, Inc. and Defendant Western Surety Company
Email: jthornton@ftblaw.com