UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA for the use and benefit of:<br><br>McCULLOUGH PLUMBING, INC.,<br><br>Plaintiff,<br><br>v.<br><br>HALBERT CONSTRUCTION COMPANY, INC. et al.,<br><br>Defendants. | Case No.: 17-CV-803-CAB-WVG<br><br>**ORDER DENYING MOTION FOR ATTORNEY'S FEES AND MOTION TO ALTER JUDGMENT**<br><br>[Doc. Nos. 170, 175] |
| AND RELATED CROSS-CLAIMS AND COUNTERCLAIMS AND THIRD PARTY COMPLAINT | |

This matter is before the Court on a motion for attorneys' fees, nontaxable costs, and prejudgment interest by McCullough Plumbing, Inc. ("McCullough") and The Guarantee Company of North America USA ("Guarantee"), and a motion to alter the judgment by Halbert Construction Company, Inc. ("Halbert"). The motions have been fully briefed, and the Court deems them suitable for submission without oral argument. Both motions are denied.

**I.     Background**

The parties are familiar with the facts which will not be repeated in detail here. Halbert was the prime contractor on a contract with the United States Army Corps of Engineers for work on a dining facility in Monterey, California (the "Project"). In connection with the Project, Halbert and Defendant Western Surety Company ("Western")

1

executed and delivered a payment bond to the United States under the Miller Act, 40 U.S.C. §§ 3131 *et seq.* Plaintiff McCullough Plumbing, Inc. ("McCullough") entered into a subcontract with Halbert to provide plumbing work for the Project (the "Subcontract").

In its complaint, McCullough alleged that Halbert had not paid McCullough for the full value of the labor, services, materials, equipment, and supplies it provided to the Project. Based on these allegations, McCullough asserted claims against Halbert for breach of the Subcontract and quantum meruit, and against Halbert and Western jointly for recovery on the Miller Act payment bond. McCullough's alleged damages fell into three categories: (1) the unpaid balance of the original Subcontract amount; (2) payment for change orders; and (3) damages resulting from delay in completion of the Project such as extended overhead and personnel costs.

Halbert filed a counterclaim against McCullough for breach of contract, breach of express warranty, and negligence, and a third party claim against Guarantee on a bond Guarantee had issued for McCullough's performance on the Subcontract (the "Performance Bond"). [Doc. No. 68.] Halbert's alleged damages fell into four categories: (1) cost to repair inadequate work by McCullough; (2) cost to complete work McCullough failed to perform under the Subcontract; (3) a contractual mark-up to the costs for completion work; and (4) damages for delays to Project caused by McCullough's breach.

At the conclusion of a nine-day trial, a jury found that McCullough had proved its breach of contract claim and its claim that it provided additional work outside the Subcontract and approved Change Orders. On the verdict form, the jury found that McCullough had proved damages of: (1) $220,909.00 for unpaid work and materials on the Subcontract and any approved Change Orders; (2) 47,814.70 for delay; and (3) $135,947.70 for unpaid work and materials outside the Subcontract and approved Change Orders. The jury found that Halbert's surety, Western Surety owes McCullough the full amount of these damages totaling $404,671.40. [Doc. No. 166.]

The jury also found that Halbert had proved its breach of contract claim against McCullough. On the verdict form, the jury found that Halbert had proved damages of

$345,362.00 for completion work, but no damages for repair work, mark-up, or delay. [*Id.*] The jury found that Halbert had not performed all its obligations under the performance bond issued by Guarantee and therefore found that Guarantee was not obligated to pay Halbert any damages for McCullough's default on the Subcontract. [*Id.*]

Pursuant to the Court's order after the verdict was read, the parties jointly submitted a proposed judgment on July 29, 2019, and the Court signed and entered that judgment on the same day. [Doc. No. 168.] The Judgment states that: (1) McCullough recovers $404,671.40 from Halbert and Western, jointly and severally, on McCullough's complaint; (2) Halbert recovers $345,362.00 from McCullough on Halbert's counterclaim; and (3) Halbert recovers nothing on its claim against Guarantee. McCullough and Guarantee now move for their attorney's fees pursuant to the fee provision in the Subcontract. [Doc. No. 170.] Halbert opposes that motion and separately moves to alter the judgment. [Doc. No. 175.]

**II.     Halbert's Motion to Alter the Judgment**

The verdict form asked the jury to itemize Halbert's damages into four categories: (1) repair work; (2) completion work; (3) mark-up; and (4) delay damages. Halbert argues that the judgment of $345,362.00 on Halbert's counterclaims is incorrect because the jury entered $345,362.00 on the line of the verdict form for completion work, but zero on the line for mark-up, whereas Halbert contends a 20% markup on completion work is mandated by the Subcontract. This argument is disingenuous considering that Halbert did not present evidence at trial that it incurred $345,362.00 in costs for completion work and in its closing argument asked the jury to enter just $287,802.00 on the line for completion work on the verdict form. Thus, Halbert is now arguing for a judgment that is not supported by the evidence presented to the jury at trial.

Moreover, how the jury arrived at the total it entered on the line for completion work is readily apparent from the testimony and evidence at trial. Halbert's expert, Michelle Mangan, testified that Halbert's total actual costs for completion work were $287,802.00, and that Halbert was entitled to a 20% mark-up equaling $57,560.00 on that amount, for a

total including mark-up of $345,362.00. [Doc. No. 183-1 at 5-42.] This is the exact amount the jury awarded to Halbert on the verdict form line for completion work and is the amount awarded to Halbert on its counterclaim in the judgment. [Doc. No. 168.] Ironically, Halbert argues that McCullough's opposition asks the Court to construe the verdict as something it does not state when it is Halbert asking the Court to enter judgment inconsistent with the verdict and inconsistent with the evidence Halbert put on at trial with respect to the amount it incurred for completion work. Because the judgment accurately reflects the jury's verdict, and because the verdict based on the evidence presented at trial reflects that the jury included a 20% markup on the amount of completion work Halbert itself argued it performed as a result of McCullough's breach, Halbert's motion to alter the judgment is denied.

### III. McCullough's Motion for Attorney's Fees and Costs

The Subcontract states that:

> In the event it becomes necessary for either party to enforce the provisions of this Subcontract or to obtain redress for the violation of any provision hereof the prevailing party shall be entitled to recover from the other party all costs, reasonable attorneys' fees, and expenses associated with such action, including statutory interest.

[Doc. No. 170-2 at 40.] The parties do not dispute that California law applies to McCullough's fee motion. Pursuant to California Civil Code section 1717, "[i]n any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs." Cal. Civ. Code § 1717(a). "Although generally the prevailing party is the one 'who recovered a greater relief in the action on the contract[,]' the court may determine there is no prevailing party." *Deane Gardenhome Assn. v. Denktas*, 13 Cal. App. 4th 1394, 1397 (Cal. Ct. App. 1993) (quoting Cal. Civ. Code

§ 1717(b)(1)).  Thus, section 1717 "vests the trial court with discretion in making the prevailing party determination." *Hsu v. Abbara*, 9 Cal. 4th 863, 871 (1995).

"[I]n deciding whether there is a 'party prevailing on the contract,' the trial court is to compare the relief awarded on the contract claim or claims with the parties' demands on those same claims and their litigation objectives as disclosed by the pleadings, trial briefs, opening statements, and similar sources. The prevailing party determination is to be made only upon final resolution of the contract claims and only by 'a comparison of the extent to which each party ha[s] succeeded and failed to succeed in its contentions.'" *Id.* at 876 (quoting *Bank of Idaho v. Pine Avenue Assocs.*, 137 Cal. App. 3d 5, 15 (1982)).  "Typically, a determination of no prevailing party results when both parties seek relief, but neither prevails, or when the ostensibly prevailing party receives only a part of the relief sought.  In other words, the judgment is considered good news and bad news as to each of the parties." *Deane Gardenhome Assn.*, 13 Cal. App. 4th at 1398 (internal quotation marks and citation omitted).  "[I]n *determining litigation success*, courts should respect substance rather than form, and to this extent should be guided by 'equitable considerations.'" *Hsu*, 9 Cal. 4th at 877 (*emphasis* in original used to clarify that equitable considerations unrelated to litigation success, "such as the parties' behavior during settlement negotiations or discovery proceedings," are irrelevant when one party obtains a "simple, unqualified win" on the contract claims).

Following these guidelines, "a party who is denied direct relief on a claim may nonetheless be found to be a prevailing party if it is clear that the party has otherwise achieved its main litigation objective." *Id.* at 877.  At the same time, "the court may conclude the person receiving the greater monetary judgment may not be the party recovering 'greater relief' on the contract action." *Sears v. Baccaglio*, 60 Cal. App. 4th 1136, 1151 (Cal. Ct. App. 1998).  Either way, however, "[i]f neither party achieves a complete victory on all the contract claims, it is within the discretion of the trial court to determine which party prevailed on the contract or whether, on balance, neither party prevailed sufficiently to justify an award of attorney fees." *Marina Pacifica Homeowners*

*Assn. v. S. California Fin. Corp.*, 20 Cal. App. 5th 191, 205–06 (Cal. Ct. App. 2018) (quoting *Scott Co. v. Blount, Inc.*, 20 Cal. 4th 1103, 1109 (1999)); *see also City of Emeryville v. Robinson*, 621 F.3d 1251, 1267 (9th Cir. 2010) ("'[W]hen the ostensibly prevailing party receives only a part of the relief sought,' the result is 'mixed,' and the trial court has 'discretion to find no prevailing party.'") (quoting *Hsu*, 9 Cal. 4th at 875-76); *Warner Bros. Int'l Television Distrib. v. Golden Channels & Co.*, No. CV0209326MMMSHSX, 2013 WL 12374776, at *15 (C.D. Cal. Jan. 18, 2013) ("Where, as here, neither party can claim total victory, California courts vest discretion in the court to deny fees to both.").

Here, both parties argued to the jury that the other breached the Subcontract, and both parties sought damages far in excess of what the jury found them to have suffered. That the jury calculated McCullough's breach of contract damages as slightly more than Halbert's damages resulting a net payment to McCullough of less than ten percent of what it asked the jury to award hardly qualifies as a "simple, unqualified win" for McCullough and a clear loss for Halbert. To the contrary, neither party achieved its main litigation objective and neither party prevailed sufficiently to justify an award of attorney fees. The outcome here is the epitome of a "mixed result." McCullough expressly admits as much in its reply.[1] Accordingly, the Court declines to find that McCullough was the prevailing party such that it is entitled to its attorney's fees and nontaxable costs pursuant to the Subcontract and section 1717. *Cf. Chuck Olsen Co. v. F.P.D., Inc.*, 698 F. App'x 409, 410 (9th Cir. 2017) (affirming denial of request for attorney's fees noting that the plaintiff "succeeded in obtaining only a portion of its claimed damages. It was well within the district court's discretion to decline Olsen prevailing party status in such circumstances.").

---

[1] Doc. No. 184 at 11 ("McCullough does not dispute the mixed result in this case.")

## IV. Guarantee Is Not Entitled to Its Attorney's Fees

Guarantee is a party to this lawsuit solely as the defendant to one claim filed by Halbert for payment under the Performance Bond. The jury found in favor of Guarantee on that claim, so Guarantee was the prevailing party. The Performance Bond does not contain an attorney's fees provision, but Guarantee nevertheless argues that it is entitled to its fees and costs because the Subcontract, which contains such a clause but to which Guarantee is not a party, was "by reference made a part [of the Performance Bond]; except as otherwise provided [therein]." [Doc. No. 184-1 at 4.] The attorney fee provision in the Subcontract, however, allows for recovery of fees "in the event it becomes necessary for either party to enforce the provisions of *this Subcontract*. . . ." [Doc. No. 170-2 at 40 (*emphasis* added).] In its claim against Guarantee, Halbert was not seeking to enforce the provisions of the Subcontract; rather, Halbert was seeking to enforce the provisions of the Performance Bond. Guarantee does not identify any provision in either the Subcontract or Performance Bond that would allow for recovery of fees in connection with an effort to enforce the provisions of the Performance Bond. Thus, Guarantee is not entitled to its fees for successfully defending Halbert's claim under the Performance Bond.[2]

## V. Prejudgment Interest

McCullough also argues that it is entitled to prejudgment interest on its net recovery of $59,309.40 at a statutory rate of 10% per annum from the date McCullough filed the complaint in this action. "Under California law, prejudgment interest is governed by Civil Code section 3287 and is recoverable in any action in which damages are certain or 'capable of being made certain by calculation' and the right to recover such damages is vested in the plaintiff on a particular day." *Cataphora Inc. v. Parker*, 848 F. Supp. 2d 1064, 1072 (N.D. Cal. 2012). "When the allocation of liability turns on factual issues,

---

[2] Notably, Guarantee made no effort to identify any fees or costs related exclusively to its defense of Halbert's claims, and it is questionable whether Guarantee actually incurred any unique fees or costs that would not otherwise have been incurred by McCullough, which was represented by the same counsel as Guarantee throughout this litigation.

damages are uncertain; however, when the allocation turns exclusively on legal issues, damages are certain and interest is available." *Westport Ins. Corp. v. California Cas. Mgmt. Co.*, 916 F.3d 769, 782 (9th Cir. 2019). "Damages are deemed certain or capable of being made certain within the provisions of subdivision (a) of section 3287 where there is essentially no dispute between the parties concerning the basis of computation of damages if any are recoverable but where their dispute centers on the issue of liability giving rise to damage." *Diaz v. Kubler Corp.*, 785 F.3d 1326, 1329 (9th Cir. 2015) (quoting *Leff v. Gunter*, 33 Cal. 3d 508, 519 (1983)). "Thus, where the amount of damages cannot be resolved except by verdict or judgment, section 3287(a) prejudgment interest is not appropriate." *Cataphora*, 848 F. Supp. 2d at 1072.

In its motion, McCullough does not explain how its net recovery was capable of being made certain by calculation, likely because such calculation clearly was not possible before the jury returned with its verdict. Halbert did not just contest liability on McCullough's claims; it contested the amount of McCullough's alleged damages and argued that McCullough owed Halbert damages in excess of any incurred by McCullough. Because neither McCullough's damages related to Halbert's breach nor the net recovery in this case were certain or capable of being made certain by calculation until the jury verdict, McCullough is not entitled to prejudgment interest.

## VI. Conclusion

For the foregoing reasons, it is hereby **ORDERED** that:

1. Halbert's motion to alter the judgment is **DENIED**; and,
2. Plaintiffs' motion for attorney's fees, nontaxable costs, and prejudgment interest is **DENIED**.

It is **SO ORDERED**.

Dated: September 27, 2019

Hon. Cathy Ann Bencivengo
United States District Judge

8

17-CV-803-CAB-WVG