UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA for the use and benefit of:<br><br>McCULLOUGH PLUMBING, INC.,<br><br>Plaintiff,<br><br>v.<br><br>HALBERT CONSTRUCTION COMPANY, INC. et al.,<br><br>Defendants.<br><br>AND RELATED CROSS-CLAIMS AND COUNTERCLAIMS AND THIRD PARTY COMPLAINT | Case No.: 17-CV-803-CAB-WVG<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>[Doc. Nos. 188] |
|---|---|

On September 27, 2019, the Court entered an order denying a motion by McCullough Plumbing, Inc. and the Guarantee Company of North America for attorneys' fees, nontaxable costs, and prejudgment interest. McCullough now moves for reconsideration of that order pursuant to Rule 60(b)(6) on the grounds that, according to McCullough, it was manifestly unjust not to award McCullough and Guarantee their fees and prejudgment interest. The motion for reconsideration is denied.

In the motion for reconsideration, McCullough and Guarantee simply restate the arguments they made in their original motion. The Court, however, considered the entirety of the original motion (including the "success rates" claimed by McCullough and re-argued here) before concluding that McCullough was not the prevailing party and is therefore not entitled to its attorneys' fees and nontaxable costs pursuant to the Subcontract, and that

Guarantee is not entitled to its fees for successfully defending Halbert's claim under the Performance Bond. Unsurprisingly, McCullough and Guarantee are unhappy with the Court's ruling, but their inability to convince the Court the first time around does not entitle them to a second bite at the apple under Rule 60(b)(6). By merely rearguing their positions that they are entitled to attorneys' fees, nontaxable costs, and prejudgment interest, neither McCullough nor Guarantee have offered any grounds for reconsidering the Court's order on the motion to dismiss. *See Am. Ironworks & Erectors, Inc. v. N. Am. Const. Corp.*, 248 F.3d 892, 899 (9th Cir. 2001) ("Because North American and Federal simply reargued their case . . . the district court did not abuse its discretion in denying the motion.").

Ultimately, the Court echoes the following sentiment expressed by another district judge that motions for reconsideration should not be used merely as an intermediate "appeal" before taking a disputed ruling to the Ninth Circuit:

> The Court cannot emphasize strongly enough that the Rules allowing for motions for reconsideration are not intended to provide litigants with a second bite at the apple. Rather, reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). In an adversarial system such as ours, more often than not one party will win and one will lose. Generally, it follows that the losing party will be unhappy with the Court's decision. Rarely does the losing party believe that its position lacked merit, or that the Court was correct in ruling against it. Rather than either accept the Court's ruling or appeal it, it seems to have instead become *de rigueur* to file a motion for reconsideration. The vast majority of these motions represent a simple rehash of the arguments already made, although now rewritten as though the Court was the opposing party and its Order the brief to be opposed. It is easy for each litigant to consider only his or her own motion, and the seemingly manifest injustice that has been done to them. But the cumulative effect is one of abuse of the system and a drain on judicial resources that could be better used to address matters that have not yet been before the Court once, let alone twice.
>
> This is not to say that a motion for reconsideration is never well-taken. A litigant should not shy from bringing to the Court's attention changes in facts and circumstances that render a ruling no longer logical, an intervening change in controlling authority, or other critical matters that the Rules provide should be brought to the Court's attention in this way. On this basis, motions

2

17-CV-803-CAB-WVG

> for reconsideration should be few, far between, and narrowly focused. When this is the case, the Rules work as they were intended, and the Court can focus on the business of justice.

*Strobel v. Morgan Stanley Dean Witter*, No. 04CV1069 BEN(BLM), 2007 WL 1053454, at *3–4 (S.D. Cal. Apr. 10, 2007).

The instant motion does not meet the description in the second paragraph of the above block quote. To the contrary, the motion is a prime example of the circumstance identified in the first paragraph, with McCullough and Guarantee expressly characterizing the Court's opinion as "argument" and treating the Court as the opposing party. *See* Doc No. 188-1 at 7 ("This Court *argued* that McCullough Plumbing was not entitled to fees and costs . . . ."), 12 ("This Court *argues* that because Halbert sought to enforce the bond rather than the subcontract . . . .") (*emphasis* added). The Court's opinion is *not* argument; it is an explanation of the Court's reasoning in resolving a dispute between the parties. In reaching its conclusions here, the Court considered all of the arguments McCullough and Guarantee made in their original motion, along with the arguments made by Halbert Construction Company in opposition and all of the facts of this case, including the jury verdict, and found that McCullough was not a prevailing party entitled to its fees, and that Guarantee was not entitled to its fees either. Likewise, the Court considered all relevant facts and arguments in finding that McCullough is not entitled to prejudgment interest. That McCullough and Guarantee think the Court's conclusions are incorrect is not a grounds for reconsideration. Accordingly, the motion is **DENIED**.

It is **SO ORDERED**.

Dated: November 8, 2019

_____
Hon. Cathy Ann Bencivengo
United States District Judge